```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 05-209

DAMIAN DIXON                                SECTION: "J"
```

**ORDER AND REASONS**

Before the Court is defendant Damian Dixon's **Motion for Partial Reconsideration of Denial of Motion to Quash Jury Venire**. (Rec. Doc. 47). The United States opposes the motion. (Rec. Doc. 49). Having considered the legal memoranda of counsel and the applicable law, the Court finds that the motion should be DENIED.

In his request for reconsideration, defendant notes that the JSSA residency requirement is satisfied if a potential juror "has resided for a period of one year within the judicial district." 28 U.S.C. § 1865(b)(1). Defendant contends that "[a] person is presumed to keep his residence until he moves with the intent not to return" citing in support *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003). Def.'s Mem. at 3. Thus, defendant's argument runs, a person who once lived in

the district for one year is presumed to remain qualified to serve on a jury within the district until that person formulates and manifests an intention not to return to the district.

*Acridge* and other cases establish that to overcome the presumption of continued domicile "the person must demonstrate both (1) residence in a new state, and (2) an intention to remain in that state indefinitely." *Id.* Defendant misstates this law of domicile in two important respects. First, there is no presumption that residence continues, as opposed to domicile. Second, a person can change residence with an intent never to return, yet still not form an intent to remain in the new residence(s) indefinitely. In this likely scenario, a person could move away for years, decades, or even a lifetime, never intending to return, yet continuing to retain the last established domicile.

These distinctions between residence and domicile lead the Court to disagree with defendant's interpretation of the residency requirement in the JSSA as incorporating the concept of domicile. One purpose of the residency requirement in the JSSA is to assure that the jury is drawn from the community where the alleged crime was committed, as the Sixth Amendment requires. If "residency" in the JSSA is construed as domicile, then this

purpose would be defeated. A person who moves every few years might only be eligible to be a juror in her original community, with which she has no recent experience. All those who have ever lived in a district for a year would have to be tracked down to determine whether they had formed an intent to stay in their current out-of-district residence indefinitely. If the intent to remain could not be sufficiently ascertained they would be called to fulfill jury duties back in their residual domiciles, regardless of their current connections with the community.

Requiring those who are currently residing in the community to be jurors, while excluding those who are no longer currently residing in the community, regardless of their having failed to establish domicile elsewhere, only makes sense. Although the term "resident" in a statute should at times be interpreted to mean domicile, it comports better with the purposes of the JSSA to view the residency requirement for jury duty to be just that: residency, not domicile. *See, e.g., Martinez v. Bynum*, 461 U.S. 321, 340-41 (1983) (J. Marshall, dissenting) (noting that "it is clear that residence, not domicile, is the traditional standard of eligibility for lower school education, just as residence often has been used to determine whether an individual is subject to State income tax, whether his property in the State is exempt

from attachment, and whether he is subject to jury duty.") (citations omitted).

The Jury Section's method of determining out-of-state residence complies with the JSSA and the Sixth Amendment. The Jury Information Form requires potential jurors to provide a substantial amount of detailed information, including items of personal history, employment status, criminal history, and etc. *See* Def.'s attached copy of Form. However, the back of the form instructs: "If you have moved to another state, you need only fill out the name, address and signature sections of this form." Defendant argues that because the "Mail Address" portion of the form does not ask whether the respondent intends to return to the Eastern District, disqualifying out-of-district respondents systematically excludes them in violation of the Sixth Amendment and the JSSA. As indicated above, the Court finds that "the intent to return to the district" is a misstatement of a requirement of domicile and, in any case, is not the proper inquiry to determine juror qualification. In addition, the fact that potential jurors fill out only the name, out-of-state address, and signature blocks, and none of the other information on the form, does tend to indicate that those respondents have "moved to another state" with sufficient intention to represent

to the courts that they are no longer required to fulfill jury duties. That the Jury Section relies on these signed representations by respondents does not amount to systematic exclusion of them for any reason other than that they no longer reside in the district. This is a valid, in fact, a required reason to systematically exclude potential jurors from jury venires.

Finally, defendant's proposed solution of deferring rather than disqualifying everyone who returns an out-of-state address, would have no effect on his venire panel. All of those currently excluded would still be unavailable for his jury. Consequently, it would not solve any problem (which defendant has as yet failed to establish even exists) with his jury selection process.

For these reasons and the reasons stated in the Court's earlier Order and Reasons,

**IT IS ORDERED** that defendant's Motion for Partial Reconsideration of Denial of Motion to Quash Jury Venire (Rec. Doc. 47) is **DENIED.**

New Orleans, Louisiana this the 13th day of February, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE